**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEWIS DEDRICK,

        Petitioner-Appellant,

v.

JOSEPH SCIBANA, Warden,

        Respondent-Appellee.

No. 05-6268

(D.C. No. CIV-05-851-T)

(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Dedrick appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Mr. Dedrick complains that the conditions of his confinement violate the Eighth Amendment–specifically that inmates are denied conjugal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

visits. This denial, Mr. Dedrick argues, results in a high rate of homosexual conduct among the populations, and this, coupled with the fact that the government does not provide condoms to the inmates, exposes himself and other inmates to AIDS and sexually transmitted diseases. Mr. Dedrick seeks an order allowing conjugal visits, the placement of condoms in prisons, and damages in excess of three trillion dollars. The magistrate judge recommended dismissal of the petition because § 2241 was not the appropriate remedy for alleged Eighth Amendment violations. The magistrate judge further noted that, if the court instead adopted a broad construction of Mr. Dedrick's petition and viewed it as a civil rights claim, it would likely be subject to dismissal as well because of a failure to exhaust the available administrative remedies. Because Mr. Dedrick would then be responsible for the filing fees associated with a civil rights claim and at the same time force him to accept a dismissal, the magistrate judge recommended that the court leave to him the option of refiling a civil rights claim. On August 8, 2005, the district court adopted the magistrate judge's Report and Recommendation and dismissed Mr. Dedrick's petition.

To this court, Mr. Dedrick adds a request that we order Congress to hold hearings about the denial of conjugal visits and its results. Among other issues, Mr. Dedrick has not named the proper defendants for us to entertain such a request–neither Congress nor any of its members is party to this lawsuit.

Accordingly, we **DENY** Mr. Dedrick's motion for congressional hearings. We have carefully reviewed Mr. Dedrick's brief, the magistrate judge's Report and Recommendation, the district court's order, and the record on appeal, and for substantially the same reasons set forth in the district court's August 8, 2005 Order, we **AFFIRM** the district court's dismissal of Mr. Dedrick's petition for 28 U.S.C. § 2241 habeas corpus relief.

Entered for the Court


Monroe G. McKay
Circuit Judge